**LAW OFFICE OF CLIFFORD D. SWIFT III**
BY: Clifford D. Swift III

P.O. Box 9030
Lancaster, PA 17604-9030                    *Attorney for Plaintiff*
(223) 529-6901
Fax (717) 222-5566
Email: cswift@cdswiftlaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL L. MILLER | : | |
| 1706 Richmond Road | : | |
| Easton, PA 18040 | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | No. |
| | : | |
| THE PRUDENTIAL INSURANCE | : | **ERISA- JURY TRIAL IS** |
| COMPANY OF AMERICA | : | **NOT REQUESTED** |
| 751 Broad Street | : | |
| Newark, NJ 07102 | : | |
| | : | |
| And | : | |
| | : | |
| SCANDINAVIAN TOBACCO GROUP | : | |
| US HOLDINGS, INC. | : | |
| 1911 Spillman Drive | : | |
| Department #24 | : | |
| Bethlehem, PA 18015 | : | |

### COMPLAINT

### I. <u>Jurisdictional Statement</u>

1.      Rachel L. Miller's claim for Long Term Disability Benefits relates to an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The subject Group Long Term Disability Plan of the Scandinavian Tobacco Group US Holdings, Inc. ("STG"), her employer, constitutes a plan under ERISA.  Plaintiff alleges

that this Court's jurisdiction is additionally invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

2.    Rachel L. Miller's claim for Short Term Disability Benefits relates her employer's salary continuation plan which is "a payroll practice" exempted by ERISA by 29 C.F.R. § 2510.3-1(b)(2). Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claim for breach of contract and for declaratory judgment brought against STG's short term disability plan which Ms. Miller believes is a self-funded salary continuation plan exempted by ERISA.

3.    Venue under the Short Term Disability Plan is proper under 29 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

4.    At all times relevant herein, and for a significant period of time prior thereto, Ms. Miller was a Contact Center Supervisor, employed by STG, and as such has standing to bring this action under ERISA, 29 U.S.C. § 1132(a).  She is a vested "participant" in the group Long Term Disability Plan within the meaning of 29 U.S.C. § 1002(2)(7).

5.    Venue under the group Long Term Disability Plan is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

6.    Venue is proper in the Eastern District of Pennsylvania.  29 U.S.C. 1132(e)(2), 28 U.S.C. § 1391.

## II. Nature of Action

7.    This is a claim for an award to Plaintiff of Short Term Disability Insurance Benefits pursuant to an employer salary continuation plan which is "a payroll practice" exempted from

ERISA by 29 C.F.R. § 2510.3-1(b)(2) which the Prudential Insurance Company of America ("Prudential") provides claims administration services to the Short Term Disability Benefit Plan ("STD Plan").

8.      This is a claim for an award to Plaintiff of Long Term Disability Insurance Benefits pursuant to a policy of insurance underwritten by Prudential to fund and provide claims administration services to the Long Term Disability Benefits Plan ("LTD Plan") to employees of STG.

### III. The Parties

9.      Plaintiff, Rachel L. Miller ("Ms. Miller"), is an adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Northampton, residing at 1706 Richmond Road, Easton, PA 18040.

10.     At all times relevant, Ms. Miller was a Customer Center Supervisor employed by the policyholder, STG.  Ms. Miller's last day of work for STG was March 16, 2022.

11.     The Prudential Insurance Company of America ("Prudential") is a part of Prudential Financial, Inc. and its subsidiary companies whose principal place of business and headquarters is located in the State of New Jersey, County of Essex, at 751 Broad Street, Newark, New Jersey 07102.

12.     STG is in the business of selling handmade cigars and employs approximately 8,800 people worldwide with sales offices in North America and Europe.

13.     STG is a foreign business corporation that is registered with the Commonwealth of Pennsylvania with a  principal place of business located at 2100 East Carey Street, Richmond, Virginia 23223

14.     The agent for service of legal process for STG is Scandinavian Tobacco Group US Holding, Inc. Health and Welfare Plan, Attention: Human Resources Department, 1911 Spillman Drive, Department #24, Bethlehem, PA 18015, which is located in Northampton County, Pennsylvania.

15.     At all times relevant hereto, the LTD Plan constitutes an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment, Ms. Miller received coverage under the LTD Plan as a "participant" as defined by 29 U.S.C. § 1002(7).

16.     At all times relevant, Prudential was a fiduciary of the Long Term Disability Plan within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002(21)(A) in that Prudential was appointed by the LTD Plan as Claims Administrator for the Plan as a "named fiduciary" and exercised authority and control over the payment of Long Term Disability benefits, which are Plan assets.

17.     STG is also the "appropriate named fiduciary" of the Long Term Disability Plan as described in 29 C.F.R. § 2560.503-1(g)(2), and therefore functioned as the Long Term Disability Plan Sponsor and Plan Administrator for claims procedure proposes.

### IV. Policies

18.     STG sponsored Group Short Term Disability ("STD") Insurance coverage to employees of STG, which appears to be an employer salary continuation plan, which is "a payroll practice" exempted from ERISA by 29 C.F.R. § 2510.3-1(b)(2). That Policy provides a weekly benefit of 100% of a covered employee's Pre-Disability Earnings for 12 weeks and provides weekly benefits of 66% of a covered employee's Pre-Disability Earnings for an additional 14 weeks, for a total of 6 months of STD benefits. The Policy contains a 7 day Elimination Period. **Attached as Plaintiff's Exhibit 1.**

19.     The benefits provided under the STD Plan are provided and funded by STG.

20. According to the STD Plan, Prudential is responsible for determining disability status based on the medical information provided.

21. According to the STD Plan *"You're considered disabled for this plan if, because of non-work related injury or illness, you are unable to perform all the material and substantial duties of your regular job, subject to appropriate medical certification. In the event you are disabled within one month of returning to work for the same injury or illness the waiting period will be waived. To receive Short-Term Disability (STD), you are required to complete the Prudential Disability and Family Medical Leave Act (FMLA) paperwork and if you meet the definition for disability, FMLA and STD will run concurrently."*

22. Ms. Miller's pre-disability earnings were $51,999.74 annually or $999.99 weekly.

23. Ms. Miller is therefore entitled to a gross weekly STD benefit of $999.99 for 12 weeks and $666.60 for weeks 13 through 26.

24. On January 1, 2019, Prudential issued Group Long Term Disability ("LTD") Insurance coverage to STG, Policy No. G-53363-PA. That Policy provides a monthly benefit of 60% of a covered employee's Pre-Disability Earnings up to a maximum of $15,000.00 per month. The Policy contains a 180 day Elimination Period and provides monthly benefits to the Covered Employee's Social Security Normal Retirement Age ("SSNRA"). In the case of Ms. Miller, the SSNRA year being 2043. **Attached as Plaintiff's Exhibit 2.**

25. According to the LTD Policy *"Disability"* means *"You are unable to perform the material and substantial duties of Your Regular Occupation due to Sickness or Injury; and you are under the Regular Care of a Doctor; and you have a 20% loss of monthly earnings due to that sickness or injury."*

5

26.    After 24 months of payments, "Disability" means *You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training and experience; and you are under the Regular Care of a Doctor;*

27.    The Policy contains a limited pay period of 24 months for mental illness.

28.    Ms. Miller is therefore entitled to a gross monthly LTD benefit of $2,599.98, less deductible sources of income.

## V. Failure to Pay Benefits Due Under the Short Term and Long Term Disability Plans
### I. The Disability Claim – Extensive Medical History

29.    Ms. Miller suffers from anxiety, depression, lack of focus and concentration, lack of coping skills and racing thoughts and was diagnosed with COVID-19 in December 2021.

30.    Ms. Miller's depression and anxiety had worsened due to her thirteen year old disabled son, who suffers from a rare neurological disorder (MECP 2 duplication syndrome), being hospitalized three time since December 2021, having had sepsis twice and requiring 24 hour care.

31.    On April 14, 2022, Behavioral Health Therapist Stephanie Kapustic completed a Prudential Behavioral Health Questionnaire in which she indicated that Ms. Miller was suffering from anxiety and depression and opined that Ms. Miller will be unable to return to work for at least twelve months.

32.    On April 27, 2022, Ms. Miller attended a therapy session with Therapist Kapustic and underwent cognitive behavioral therapy.

33.    On April 28, 2022, Prudential completed a SOAP Note indicating that the Behavioral Health information on file supports Ms. Miller's inability to work.

34.    By letter dated April 28, 2022, Prudential notified Ms. Miller that her leave of absence had been approved from March 17, 2022 through May 17, 2022.

35.     On April 27, 2022, Ms. Miller attended a therapy session with Therapist Kapustic where she was diagnosed and treated for Generalized Anxiety Disorder, Unspecified Depressive Disorder and Post-Traumatic Stress Disorder.

36.     On May 9, 2022, Ms. Miller attended a therapy session with Therapist Kapustic who recommended treatment every two weeks.

37.     On May 11, 2022, Ms. Miller was examined by Karen Hotchkin, MD, who diagnosed Ms. Miller with Major Depressive Disorder, Single Episode.

38.     On May 11, 2022, Dr. Hotchkin completed and signed a Prudential Certification of Health Care Provider for Employee's Serious Health Condition for Disability and Medical Leave and indicated that Ms. Miller was unable to work due to worsening depression and acute stressors.

39.     On May 13, 2022, Dr. Hotchkin returned a form requested by Prudential indicating that Ms. Miller was prescribed Duloxetine 60mg once a day and that her expected return to work date was September 17, 2022.

40.     On May 24, 2022, Ms. Miller attended a therapy session with Therapist Kapustic who noted that Ms. Miller was feeling depressed and exhausted.

41.     On May 25, 2022, Therapist Kapustic completed a Prudential Behavioral Health Questionnaire in which she indicated that Ms. Miller was unable to manage a team, unable to hold a conversation with other either by phone or in person due to a inability to focus and concentrate, unable to regulate emotions during the work day and is suffering from a lack of sleep and worry.

42.     By letter dated May 27, 2022, Prudential notified Ms. Miller that her request for FMLA leave of absence from June 9, 2022 through December 30, 2022 had been denied.

43.     On June 7 & 2022, July 5 & 19, 2022, and August 2 & 30, 2022, Ms. Miller attended therapy sessions with Therapist Kapustic.

44.     On September 7, 2022, Ms. Miller attended a therapy sessions with Therapist Kapustic who noted that Ms. Miller reports diminished intertest in activities she once enjoyed, poor sleep, decreased energy, feelings of worthlessness, and difficulty concentrating and thinking.

45.     On September 21, 2022, Ms. Miller was examined by Dr. Hotchkin, who added hydroxyzine to Ms. Miller's prescribed medication due to anxiety and panic attacks.

46.     On September 21, 2022, and October 5 & 19, 2022, Ms. Miller attended therapy sessions with Therapist Kapustic.

47.     On November 14, 2022, Ms. Miller was examined by Dr. Hotchkin, who noted that Ms. Miller was suffering from left shoulder and elbow pain.

48.     On November 2, 2022, Ms. Miller attended a therapy sessions with Therapist Kapustic where it was noted that Ms. Miller continues to suffer from depressed mood, diminished interest in activities she once enjoyed, poor sleep, decreased energy, feelings of worthlessness and difficulty concentrating or thinking.

49.     On November 16 & 30, 2022, December 14, 2022, Ms. Miller attended therapy sessions with Therapist Kapustic.

50.     On January 1, 2023, Ms. Miller sent Prudential and Interrogatory Questionnaire completed and signed by Therapist Kapustic indicating that Ms. Miller is unable to return to work due to lack of sustained concentration and stamina, inability to handle time pressures or multiple tasks and sensitivity to negative feedback from supervisors and coworkers.  Therapist Kapustic also noted that returning to work would exacerbate Ms. Miller's medical impairments.

51.     On January 4 & 18, 2023, February 1 & 15, 2023, and March 1, 17 & 29, 2023, Ms. Miller attended therapy sessions with Therapist Kapustic.

8

52.     On April 13, 2023, Ms. Miller attended a therapy sessions with Therapist Kapustic where it was noted that only motivator for Ms. Miller to get out of bed each day is her son.

53.     On April 26, 2023,  May 10, 2023, June 7 & 21, 2023, July 5 & 19, 2023 and August 2, 2023, Ms. Miller attended a therapy sessions with Therapist Kapustic.

54.     Ms. Miller was and is totally disabled under the Group STD and LTD Plans from March 16, 2022 until the present.

## VI. The Disability Claim – Claim for STD and LTD Benefits

55.     Prior to March 16, 2022, Ms. Miller was a Contact Center Supervisor at STG.

56.     On or about March 17, 2022, Ms. Miller applied for a leave of absence and short term disability due an inability to perform the material and substantial duties of Your Regular Occupation due to symptoms of anxiety and depression and COVID-19, including lack of focus and concentration, lack of coping skills and racing thoughts.

57.     On April 28, 2022, Prudential completed a SOAP Note indicating that the Behavioral Health information on file supports Ms. Miller's inability to work.

58.     By letter dated April 28, 2022, Prudential notified Ms. Miller that her leave of absence had been approved from March 17, 2022 through May 17, 2022.

59.     By letter dated May 11, 2022, Prudential notified Ms. Miller that Prudential had denied Ms. Miller's claim for STD benefits.

## VII. The Disability Claim – Appeal of the Denial of STD and LTD Benefits

60.     On May 18, 2022, Ms. Miller filed a *pro se* appeal of Prudential's decision to deny STD benefits.

61.     By letter dated June 9, 2022, Prudential denied Ms. Miller's appeal of the denial of STD benefits.

9

62.     On January 12, 2023, Ms. Miller filed an administrative appeal of Prudential's January 28, 2022 decision to deny STD benefits and request for initial review of LTD benefits.

63.     In the appeal, Ms. Miller argued that she was disabled, which was evidenced by the fact that she suffered from the disabling symptoms of anxiety and depression.

64.     On January 18, 2023, Prudential Nurse C. McDermot completed a clinical assessment of Ms. Miller claim and found that the available information lacks compelling evidence and exam data that describes functional impairment of sufficient intensity and severity to preclude Ms. Miller from working.

65.     By letter dated February 15, 2023, Prudential upheld its decision to deny Ms. Miller STD benefits.

66.     On February 21, 2023, an internal Prudential SOAP note indicated that Prudential believed that Ms. Miller's claim for LTD benefits was barred under the pre-existing condition exclusion of the LTD Policy.

67.     By letter dated February 21, 2023, Prudential upheld its decision to deny STD benefits and indicated that Ms. Miller's claim for LTD benefits was barred under the pre-existing condition exclusion of the LTD Policy.

68.     On April 24, 2023, Prudential Nurse J. Snedegar completed a clinical assessment of Ms. Miller claim and found that based upon available medical information, functional impairment related to a behavioral health diagnoses were not supported from March 17, 2022 to the present.

69.     By letter dated April 24, 2023, Prudential provided Ms. Miller with information that it intended to rely upon in rendering a decision on her appeal of the denial of LTD benefits.

70.     By letter dated May 3, 2023, Ms. Miller submitted information completed and signed by Dr. Hotchkins in which Dr. Hotchkins disagrees with Prudential's clinical consultants and states

that "Patient has been unable to come for more frequent follow-up visits despite severity of her symptoms due to need for the care of her son. We have increased her medication and she was referred to psychiatry but is on a wait list due to a lack of providers."

71. By letter dated June 21, 2023, Prudential notified Ms. Miller that it was upholding its decision to deny STD benefits and that LTD benefits were being denied as, according to Prudential, they are barred under the pre-existing condition exclusion of the LTD Policy.

72. On December 18, 2023, Ms. Miller filed an appeal of the denial of STD and LTD benefits.

73. On or about January 18, 2024, Prudential was notified that Ms. Miller was granted SSDI benefits from the Social Security Administration in the amount of $2,303.00.

74. By letter dated January 19, 2024, Prudential notified Ms. Miller that it although it has not yet made a decision on Ms. Miller's LTD appeal, "it appears we will not be able to approve the LTD claim."

75. By letter dated February 8, 2024, Prudential notified Ms. Miller that it was upholding its decision to deny STD benefits and indicated that Ms. Miller had until June 21, 2026 to file a lawsuit.

76. By letter dated February 8, 2024, Prudential notified Ms. Miller that it was upholding its decision to deny LTD benefits as, according to Prudential, they are barred under the pre-existing condition exclusion of the LTD Policy.

77. By letter dated September 10, 2024, Ms. Miller advised Prudential that it had erroneously conducted a preexisting condition review of Ms. Miller's LTD claim because the effective date of the Policy was March 13, 2019 and not January 1, 2022 as indicated by Prudential.

78. On November 14, 2024, an internal Prudential SOAP note indicated that Prudential had determined that the preexisting condition exclusion no longer applied.

11

79.     Prudential misrepresented the provisions of the LTD Policy by erroneously advising Ms. Miller for almost two years that her claim for LTD benefits was barred by the preexisting condition exclusion in the LTD Policy.

80.     On December 2, 2024, Prudential had a Peer Review completed by Clayton K. Cowl, MD, who found that, focusing solely on physical impairments requiring medically necessary restrictions, there lacked substantiating data necessitating restrictions.

81.     On December 2, 2024, Prudential had a Peer Review completed by Michael K. West, Psy.D who found that based upon the medical records, Ms. Miller does not have a psychiatric or cognitive impairment from March 17, 2022 until the present.

82.     Prudential conducted only a paper review of Ms. Miller's claim for STD and LTD benefits and failed to have Ms. Miller examined by a medical professional appropriate to review the conditions that formed the basis of her disabling conditions.

83.     By letter dated March 5, 2025, Prudential notified Ms. Miller that it was upholding its decision to deny LTD benefits and indicated that Ms. Miller had until March 5, 2028 to file a lawsuit.

84.     Prudential failed to afford significant weight to Ms. Miller's award of Social Security Disability Income ("SSDI") benefits, instead, Prudential gave mere lip service to the Social Security award in its letters denying Ms. Miller's appeal, simply noting the procedural difference between the LTD Plan and SSDI.

85.     In accordance with ERISA, Ms. Miller has exhausted all of her administrative remedies.

**COUNT I. – FIRST CAUSE OF ACTION
AGAINST SCANDINAVIAN TOBACCO GROUP-US HOLDINGS, INC. and
PRUDENTIAL INSURANCE COMPANY OF AMERICA – STD PLAN
[FOR DECLARATORY RELIEF PURSUANT TO FED.R.CIV. PR 57]**

86.    Paragraphs 1 through 85 are incorporated herein by reference as if fully set forth at length.

87.    An actual controversy exists between Ms. Miller and Defendants STG and Prudential arising out of the events alleged herein above. Ms. Miller contends that Defendants STG and Prudential have no legal basis for denying STD benefits, which have been wrongfully withheld.

88.    Ms. Miller contends that the denial of STD benefits is a breach of the Group Short Term Plan; the practices of the Defendants STG and Prudential should be estopped on the basis of equity; that the practices of Defendants STG and Prudential are arbitrary and capricious and are barred as a matter of law.

89.    Ms. Miller contends that Defendants STG and Prudential have denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her STD claim, minimized and/or failed to review or consider the findings of her treatment providers that she is disabled in order to wrongfully withhold STD benefits.

90.    Ms. Miller contends that the decision to deny STD benefits and deny her appeal was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the STD Plan and the law and an abuse of discretion.

**COUNT II – SECOND CAUSE OF ACTION
AGAINST SCANDINAVIAN TOBACCO GROUP-US HOLDINGS, INC. and
PRUDENTIAL INSURANCE COMPANY OF AMERICA – STD PLAN
[FOR RECOVERY OF STD PLAN BENEFITS – BREACH OF CONTRACT]**

91.    Paragraphs 1 through 90 are incorporated herein by reference as if fully set forth at length.

92.    Defendants STG and Prudential wrongfully denied STD benefits based on an unfair, incomplete, arbitrary and capricious review of Ms. Miller's medical records and information.

13

93. Ms. Miller contends that in denying STD benefits, Defendants STG and Prudential disregarded substantial evidence, including medical records and other medical reports.

94. Under the terms of the Group STD Plan, Defendants STG and Prudential unreasonably breached their promise to provide Ms. Miller with certain STD benefits. To date, Defendants have failed to honor this promise and continue to refuse to pay Ms. Miller all benefits to which she is rightfully entitled.

95. Ms. Miller has satisfied all conditions precedent under the Group STD Plan and is thus eligible to receive STD benefits.

96. Ms. Miller has not waived or otherwise relinquished her entitlement to benefits under the Group STD Plan.

97. Ms. Miller seeks reimbursement and compensation for any and all benefits she should have received from the date of her disability, through the present and beyond.

98. Defendants breached their obligations to provide Ms. Miller benefits even though her benefits are covered under the terms of the Group STD Plan.

99. As a direct and proximate result of the aforementioned conduct of the Defendants STG and Prudential in failing to pay benefits to Ms. Miller, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the Group STD Plan.

**COUNT III. – THIRD CAUSE OF ACTION**
**AGAINST PRUDENTIAL INSURANCE COMPANY OF AMERICA-LTD PLAN**
**[FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]**

100. Paragraphs 1 through 99 are incorporated herein by reference as if fully set forth at length.

101. An actual controversy exists between Ms. Miller and Defendant Prudential arising out of the events alleged herein above. Ms. Miller contends that Defendant Prudential has no legal basis for denying LTD benefits, which have been wrongfully withheld.

14

102.     Ms. Miller contends that the denial of LTD benefits is a breach of the Group Long Term Plan; the practices of Defendant Prudential should be estopped on the basis of equity; that the practices of Defendant Prudential are arbitrary and capricious and  are barred as a matter of law.

103.     Ms. Miller contends that Defendant Prudential has denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers that she is disabled in order to wrongfully withhold LTD benefits.

104.     Ms. Miller contends that Defendant Prudential misrepresented the provisions of the LTD Policy by erroneously advising Ms. Miller for almost two years that her claim for LTD benefits was barred by the preexisting condition exclusion in the LTD Policy.

105.     Ms. Miller contends that the decision to deny LTD benefits and deny her appeal was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the LTD Policy and the law and an abuse of discretion.

**COUNT IV – FOURTH CAUSE OF ACTION**
**AGAINST PRUDENTIAL INSURANCE COMPANY OF AMERICA**
**[FOR RECOVERY OF LTD PLAN BENEFITS PURSUANT TO 29 U.S.C. §**
**1132(a)(1)(B)]**

106.     Paragraphs 1 through  105 are incorporated herein by reference as if fully set forth at length.

107.     Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Ms. Miller's medical information.

108.     Under the terms of the Group LTD Plan, Defendant Prudential unreasonably breached its promise to provide Ms. Miller with certain LTD benefits.  To date, the Defendant has failed to honor this promise and continues to refuse to pay Ms. Miller all benefits to which she is rightfully entitled.

109. Ms. Miller has satisfied all conditions precedent under the Group LTD Plan and is thus eligible to receive LTD benefits for the period from the end of the STD period until the present and beyond.

110. Ms. Miller has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

111. Ms. Miller seeks reimbursement and compensation for any and all benefits she should have received under the Group LTD Plan.

112. Defendant Prudential breached its obligations under ERISA to provide Ms. Miller benefits even though her benefits are covered under the terms of the Group LTD Plan.

113. As a direct and proximate result of the aforementioned conduct of the Defendant Prudential in failing to pay benefits to Ms. Miller, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the LTD Plan.

**WHEREFORE**, Plaintiff Rachel L. Miller prays for judgment as follows:

A. On Counts I and III:

1. A declaration that Ms. Miller is disabled and entitled to the payment of benefits under the Group STD and LTD Plans;

2. A declaration that Defendants are hereinafter estopped from wrongfully denying Ms. Miller benefits under the Group STD and LTD Plans without a legal basis to do so;

3. A declaration that Defendants are hereinafter estopped from denying Ms. Miller's benefits as a denial of such benefits is a breach of the Group STD and LTD Plans;

4. A declaration that Defendants are hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Ms. Miller;

5. A declaration that Defendants are hereinafter estopped from wrongfully denying benefits to Ms. Miller contrary to clear, compelling and substantial medical and functional evidence;

6. Ms. Miller requests the payment of reasonable attorney fees, costs and interest; and

7. Ms. Miller requests such other and further relief as the Court deems appropriate.

B. On Count II and IV:

1. Plaintiff seeks a declaration of Ms. Miller's right to benefits under the terms of the Group STD and LTD Plans;

2. Payment of all past benefits due Ms. Miller under the terms of the Group STD and LTD Plans, with an award of pre-judgment interest;

3. Ms. Miller requests the payment of reasonable attorney fees, costs and interest; and

4. Ms. Miller requests such other and further relief as the Court deems appropriate.

Respectfully submitted,

Clifford D. Swift III

Clifford D. Swift III (Attorney ID 66284)

Law Office of Clifford D. Swift III
P.O. Box 9030
Lancaster, PA 17604-9030
Ph. (223) 529-6801
Fx. (717) 222-5566
Email: cswift@cdswiftlaw.com

**Attorney for Plaintiff
Rachel L. Miller**

Date: April 24, 2026

**ERISA JURY TRIAL NOT DEMANDED**